IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,  ) ) ) Plaintiff, ) ) v. ) ) CHARA-LETTE DENSMORE, ) Individually and as Parent and ) Next Friend of W.D., a Minor; and ) JANICE WRIGHT, as Guardian ) and Next Friend of J.D., a Minor, ) ) Defendants. ) | Case No. CIV-23-10-RAW-GLJ |

## REPORT AND RECOMMENDATION

State Farm Life Insurance Company ("State Farm") filed this Interpleader action on January 4, 2023. The action arises out of a dispute as to the life insurance proceeds for Nathan Densmore, deceased. This case has been referred to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* Docket No. 40. This matter is before the court on motion for summary judgment by Defendant Janice Wright, as Guardian and Next Friend of J.D., a minor. For the reasons set forth below, the undersigned Magistrate Judge finds that Defendant Wright's Motion for Summary Judgment and Brief in Support [Docket No. 43] should be GRANTED.

1

## PROCEDURAL HISTORY

State Farm filed this Interpleader action on January 4, 2023 [Docket No. 1-2], based on this Court's diversity jurisdiction and pursuant to Fed. R. Civ. P. 22. *See* Docket No. 2. State Farm notes in the Complaint that there are competing claims for Mr. Densmore's life insurance proceeds, between Janice Wright as Guardian and Next Friend of J.D., and Chara-Lette Densmore both on behalf of herself and as Parent and Next Friend of W.D. Ms. Wright answered and asserted a cross-claim as to Ms. Densmore both individually and on behalf of J.D., that neither are entitled to the insurance proceeds at issue. Additionally, Ms. Wright counterclaimed against State Farm, asserting State Farm erroneously determined Ms. Wright submitted a valid claim to the insurance proceeds. *See* Docket Nos. 11-13. Ms. Densmore mailed in a pro se "Answer," on March 10, 2023, *see* Docket No. 24, but this Court struck it for failure to comply with Fed. R. Civ. P. 11 [Docket No. 25]. Ms. Densmore was ultimately given to April 10, 2023 to file an Amended Answer, but she has failed to do so up to this point. *See* Docket Nos. 25, 27, 28. State Farm and Ms. Wright convened for a Joint Status Report on March 23, 2023, but Ms. Densmore did not participate. *See* Docket No. 33, p. 1, n.1.

State Farm deposited funds in the amount of $101,979.28, with the Court, *see* Docket Nos. 29, 31. State Farm then moved for discharge and permanent injunction, which this Court granted on May 10, 2023. *See* Docket Nos. 32, 42. Following State Farm's discharge, Ms. Wright moved for summary judgment. Ms. Densmore failed to respond.

## FACTUAL BACKGROUND

Documentation submitted by State Farm along with the Complaint indicates that Mr. Densmore took out a $100,000.00 life insurance policy, Policy No. LF-3056-1643 ("Policy"), for himself in 2012. *See* Docket No. 2, Exs. 2-3. He originally named Melanie Dennis and J.D. as beneficiaries. *See* Docket No. 2, Ex. 2, p. 3. On May 25, 2018, Mr. Densmore completed a Change of Beneficiary form, naming Chara-Lette Densmore, his spouse, and J.D. as beneficiaries each entitled to 50%. *See* Docket No. 2, Ex. 4. He did not name any successor beneficiaries. On January 12, 2022, Mr. and Mrs. Densmore were granted a divorce decree. *See* Docket No. 2, Ex. 5. The divorce decree noted they had one child from their marriage, W.D. *Id.*, p. 2. Mr. Densmore died July 24, 2022. *See* Docket No. 2, Ex. 1. On August 24, 2022, Ms. Wright was appointed Personal Representative of Mr. Densmore's estate. *See* Docket No. 2, Ex. 11. The decree further noted that W.D. and J.D. are his sole heirs. *Id.*

State Farm represents that the amount in controversy is $100,039.20 ($100,000.00 + a $39.29 premium) plus 2% interest per year from the time of Mr. Densmore's death until payment. *See* Docket No. 2, p. 3, ¶¶ 14-15. On September 2, 2022, Ms. Densmore filed a Life Insurance Claim for the proceeds of the Policy. *See* Docket No. 2, Ex. 7. Ten days later, State Farm declined to pay the proceeds to Ms. Densmore, noting they had reviewed her divorce decree and that she was disqualified as a beneficiary under Oklahoma's divorce statute, Okla. Stat. tit. 15, § 178(A). *See* Docket No. 2, Ex. 8. On September 13, 2022, Ms. Wright filed a Life Insurance Claim on behalf of J.D. *See* Docket No. 2, Ex. 9. In undated letters, Ms. Densmore wrote in objection to State Farm's denial of her Claim,

3

stating that Mr. Densmore had two minor heirs, J.D. and W.D., and that she believed W.D. was entitled to 50% of the proceeds and that is what Mr. Densmore would have intended. She also attacks the character of Ms. Wright, J.D.'s grandmother. *See* Docket No. 2, Ex. 10.

Ms. Wright's statement of undisputed facts solely consists of statements referring to the information above, citing to the Complaint Exhibits for each statement. As noted above, Ms. Densmore did not respond and the response time is well expired. State Farm states in the Complaint that the claims of Ms. Wright and Ms. Densmore are irreconcilable and take inconsistent positions on how the proceeds should be distributed.

## ANALYSIS

### I. Jurisdiction

Federal courts have subject matter jurisdiction over two forms of interpleader cases, statutory interpleader and rule interpleader. Statutory interpleader, governed by 28 U.S.C. § 1335, is not invoked in this case, and thus jurisdiction arises under Fed. R. Civ. P. 22. Rule 22 states, "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Generally, there are two stages to interpleader cases: (i) determining whether the interpleader complaint was properly brought and whether to discharge the stakeholder (here, State Farm) from further liability, and (ii) determining the respective rights to the funds. *See Clausen as Tr. of Brett M. Partridge Tr. v. Protective Life Ins. Co.*, 2023 WL 4137370, at *2 (D. Utah June 22, 2023).

Here, the Rule 22 Interpleader Complaint is based upon this Court's diversity jurisdiction under 28 U.S.C. § 1332. State Farm is considered an Illinois citizen for purposes of diversity, while Ms. Wright and Ms. Densmore are both Oklahoma citizens. "Where jurisdiction is based on diverse citizenship, the question arises: does 28 U.S.C. § 1332 require diversity only in the first stage of the interpleader action between the disinterested stakeholder and claimants, or must there also be at least minimal diversity in the second stage between the adverse claimants, as required by the interpleader statute?" *Clausen*, 2023 WL 4137370, at *2. Generally, "[j]urisdiction is determined from the facts at the time of filing[.]" *Wells Fargo Bank, N.A. v. Mesh Suture, Inc.,* 31 F.4th 1300, 1308 (10th Cir. 2022). Additionally, the Tenth Circuit has stated that, where the stakeholder is *not* a disinterested party, "interpleader may be maintained under the general diversity statute, 28 U.S.C.A. § 1332 where there is diversity of citizenship between a stakeholder and the claimants[.]" *Brisacher v. Tracy-Collins Tr. Co.*, 277 F.2d 519, 525 (10th Cir. 1960). However, the undersigned Magistrate Judge agrees with the District of Utah that "the weight of judicial authority requires the court to exercise jurisdiction in Rule 22 actions where the original stakeholder is diverse from the claimants, regardless of the citizenship of those claimants[,]" *Clausen*, 2023 WL 4137370, at *3, and finds this Court retains jurisdiction over this matter because at the time State Farm filed the Complaint, it was diverse from every claimant to the Policy. Even with State Farm's dismissal, the Court may exercise supplemental jurisdiction over the remaining claims, and the undersigned Magistrate Judge finds that is appropriate here. *See, e.g.*, 7 Wright, Miller & Kane § 1710 ("[F]ederal courts wisely have chosen to proceed to the second stage of interpleader either

on the notion that once diversity jurisdiction exists in a rule-interpleader case it is not lost when the stakeholder is discharged or by invoking the theory that there is ancillary jurisdiction over the second stage of the interpleader.").

## II.     Summary Judgement Standard

Summary judgment should be granted if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), and the evidence is to be taken in the light most favorable to the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A party "asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c). Indeed, "[i]f the movant carries this initial burden, the non-movant may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Kaul v. Stephen*, 83 F.3d 1208, 1212 (10th Cir. 1996) (*quoting Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995)). The Supreme Court has stated that the "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### III.  Ms. Densmore's Failure to Timely and Properly Respond

Ms. Wright filed her Motion for Summary Judgment on June 23, 2023 [Docket No. 43] and Densmore's response was due July 7, 2023.  To date, Ms. Densmore has not filed a response, nor sought leave to extend the time to file her response or subsequently provide a basis for finding any excusable neglect for the late filing.  *See*, *e.g.*, Fed. R. Civ. P. 60(b)(1). As a general matter:

> a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party **waives the right to respond or to controvert the facts asserted** in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

*Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (emphasis added).  Moreover, on summary judgment, the court has no duty to search the record for a litigant to find evidence supporting that litigant's summary judgment interests.  *See Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (on a motion for summary judgment, "'it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without . . . depending on the trial court to conduct its own search of the record,'" and the court has no obligation "'to comb the record in order to make [plaintiff's] arguments for

[her].'") (first quoting *Downes v. Beach*, 587 F.2d 469, 472 (10th Cir. 1987) then quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000)).

Ms. Densmore did not file a response or controvert any of the statements of undisputed facts in Ms. Wright's Motion. As such, the undersigned Magistrate Judge finds that Ms. Densmore waived her right to respond to the Motion and accepts all material facts asserted in the Motion as true. Based on the undisputed material facts now before the Court and for the reasons set forth below, the undersigned Magistrate Judge finds Defendant Wright is entitled to summary judgment and the proceeds of the Policy at issue in this case.

## IV.     Award of Proceeds

Oklahoma Statute tit. 15, § 178(A) "operates to revoke provisions in favor of a former spouse in life insurance contracts." *Stephens v. W. Coast Life Ins. Co.*, 2023 WL 2347380, at *2 (W.D. Okla. Mar. 3, 2023). The statute states:

> A. If, after entering into a written contract in which a beneficiary is designated or provision is made for the payment of any death benefit (including life insurance contracts, annuities, retirement arrangements, compensation agreements, depository agreements, security registrations, and other contracts designating a beneficiary of any right, property, or money in the form of a death benefit), the party to the contract with the power to designate the beneficiary or to make provision for payment of any death benefit dies after being divorced from the person designated as the beneficiary or named to receive such death benefit, all provisions in the contract in favor of the decedent's former spouse are thereby revoked. Annulment of the marriage shall have the same effect as a divorce. In the event of either divorce or annulment, the decedent's former spouse shall be treated for all purposes under the contract as having predeceased the decedent.

Okla. Stat. Ann. tit. 15, § 178. Ms. Wright contends that, under Oklahoma law, Ms. Densmore is considered to have predeceased Mr. Densmore and that the policy is therefore

payable in full to her as the Guardian of J.D. Based on the undisputed material facts before the Court, the undersigned Magistrate Judge finds that Mr. Densmore was divorced from Ms. Densmore prior to his death, and that § 178(A) therefore operates to revoke Ms. Densmore's status as beneficiary of his life insurance policy. *Texas Life Ins. Co. v. Raper*, 2016 WL 126880, at *2 (W.D. Okla. Jan. 11, 2016) ("The court could have easily included a provision in the decree requiring Nickell to retain Ms. Raper as the primary beneficiary of his life insurance policy until he had obtained refinancing and removed her name from the prior loan. However, it does not mention the life insurance policy or Raper's status as a beneficiary and its provisions are unambiguous."). The undersigned Magistrate Judge thus recommends that the Court find Ms. Densmore's status as a beneficiary of the State Farm Policy issued to Nathan Densmore was revoked by operation of Oklahoma law and that Ms. Wright, as Guardian and Next Friend of J.D. (and not individually) be found the lawful beneficiary of the insurance policy.

V.    **Ms. Wright's Counterclaim**

Finally, the undersigned Magistrate Judge finds that Ms. Wright's counterclaim against State Farm, Docket No. 13, pp. 2-3, ¶¶ 8-9, should be dismissed. She asserts State Farm erroneously determined Ms. Densmore submitted a valid claim and State Farm should instead have disbursed the claimants to her as Guardian and Next Friend of J.D. However, she has asserted no independent liability as to State Farm other than the choice to bring this Interpleader action rather than disburse the funds to her. The undersigned Magistrate Judge thus "concludes Ms. [Wright] has not pleaded any facts supporting independent liability and thus has not stated a plausible claim for relief." *State Farm Life*

*Ins. Co. v. Weber*, 2020 WL 5761549, at *5 (D. Kan. Sept. 28, 2020). *See Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 265 (3d Cir. 2009) ("Put another way, where a stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claimants, its failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty.").

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that: Defendant Wright's Motion for Summary Judgment and Brief in Support [Docket No. 43] be GRANTED, and the funds deposited with the Court in the amount of $101,979.28, plus interest, be awarded to Ms. Wright as Guardian and Next Friend of J.D. Ms. Wright's counterclaim should be dismissed. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 7th day of August, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**